```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SHIRIN EBADI and THE STROTHMAN        :
AGENCY, LLC,                          :
                                      :
              Plaintiffs,             :
                                      :
v.                                    :    No. 04 Civ. 8420 (RCC)
                                      :
OFFICE OF FOREIGN ASSETS CONTROL OF   :    ECF CASE
THE DEPARTMENT OF THE TREASURY;       :
JOHN W. SNOW, SECRETARY OF THE        :
TREASURY, in his official capacity; and :
ROBERT WERNER, DIRECTOR,              :
OFFICE OF FOREIGN ASSETS CONTROL,     :
in his official capacity,             :
                                      :
              Defendants.             :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-22-05

## STIPULATION AND ORDER OF VOLUNTARY DISMISSAL

WHEREAS, on October 26, 2004, Plaintiffs commenced the above action by filing a complaint (the "Complaint") seeking declaratory and injunctive relief in connection with their contention that certain Treasury Department regulations were contrary to the First and Fifth Amendments of the United States Constitution, and were beyond the statutorily authorized scope of the sanctions powers afforded by the Trading with the Enemy Act ("TWEA"), 50 App. U.S.C. §§ 1 et seq., and the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701, et seq.; and

WHEREAS, Plaintiffs contended that they wished to engage in a variety of publishing-related activities that were allegedly barred by the regulations at issue in this suit; and

WHEREAS, on December 17, 2004, the Treasury Department modified the regulations at issue by publishing a general license which, inter alia, permits an array of publishing-related

activities including substantially all of Plaintiffs' contemplated activities that Plaintiffs contend were unlawfully barred by the prior regulations; and

WHEREAS, Plaintiffs do not concede that the Treasury Department regulations, even as modified in December 2004, are fully consistent with the Constitution and authorized by statute, and Defendants do not concede that those provisions are invalid in any respect; and

WHEREAS, Defendants understand that Plaintiffs are concerned that a possible subsequent decision by the U.S. Government to revoke the general licenses incorporated into relevant OFAC regulations on December 17, 2004, could result in the prohibition of certain publishing activities that are currently authorized; and

WHEREAS, Defendants represent that they have no present intent to revoke or rescind the General Licenses, nor does the Government presently foresee circumstances occurring that might require the relevant regulations to be revoked or rescinded in the future; and

WHEREAS, OFAC has determined that even if such licenses were to be revoked, unless it concludes, in its sole discretion, that U.S foreign policy, economic, or national security interests require otherwise, a revocation of these general licenses would be accompanied by a delay in effect of at least 30 days with respect to pre-existing contracts and related transactions, and that, should such U.S. foreign policy, economic or national security interests arise, OFAC will articulate, to the extent possible, how those interests require that the revocation be effective immediately with respect to all transactions, including pre-existing contracts and related transactions; and

WHEREAS, it is understood that the dismissal of this action is without prejudice to Plaintiffs' right to reinstate this action or commence a new action and to seek a temporary restraining order and/or preliminary injunctive relief, if OFAC decides for any reason to revoke or substantially modify the current regulations; and

WHEREAS, it is also understood that by agreeing to this Stipulation, Defendants do not waive their right to assert any and all defenses against a reinstatement by Plaintiffs of this action or a commencement of a new action or other action by Plaintiffs; and

WHEREAS, each undersigned counsel represents that he or it is fully authorized by his or its respective clients to enter into this Stipulation, and bind them to its terms; and

WHEREAS, the parties wish to resolve their dispute without the expense and burden of further litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Plaintiffs and Defendants, by their respective counsel, as follows:

1. The Complaint is hereby voluntarily dismissed without prejudice and without costs or attorney's fees to any party, pursuant to Fed. R. Civ. P. 41(a)(1)(ii).


Dated: New York, New York
       April 21, 2005

MAYER BROWN ROWE & MAW LLP
Attorney for Plaintiffs

By: _____
PHILIP A. LACOVARA (PA-5948)
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500

Dated: New York, New York
       April 21, 2005

DAVID N. KELLEY
United States Attorney for the Southern District of New York
Attorney for Defendants

By: _____
DAVID S. JONES (DJ-5276)
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2739


SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
April 22, 2005

3